IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICIA NUNEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:18-cv-00223 |
| | § | |
| JORDAN HEALTHCARE | § | |
| HOLDINGS, INC. d/b/a | § | |
| JORDAN HEALTH SERVICES, INC., | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Patricia Nunez files this Original Complaint against Defendant Jordan Healthcare Holdings, Inc. d/b/a Jordan Health Services, Inc., and shows as follows:

### PARTIES

1. The plaintiff is Patricia Nunez. She is an individual and resident of Nueces County, Texas.

2. The defendant is Jordan Healthcare Holdings, Inc. d/b/a Jordan Health Services, Inc. ("the defendant"). It is a corporate entity formed and existing in the state of Texas, with an office located in Nueces County, Texas. The defendant may be served with process by personal service on its registered agent for service, National Registered

Agents, Inc., 1999 Bryan Street, Suite 1900, Dallas, Texas 75201.

## JURISDICTION

3.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3), respectively.

## VENUE

4.  Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred. Venue for this matter is governed by a specific statute. This is a suit for, in part, employment discrimination under Title VII. Venue for suits brought under Title VII are governed by 42 U.S.C. § 2000e-5(f)(3). The statute provides, in part, "[s]uch an action may be brought *in any judicial district in the State* in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3) (emphasis added). Here, the alleged unlawful employment practice occurred in Texas. Therefore, venue for this action is statutorily-proper in this district and division because it is a judicial district in Texas. *See* 42 U.S.C. § 2000e-5(f)(3). Further, the plaintiff's employment and the defendant's decision to discharge the plaintiff was made in Nueces County, Texas. This district and division embraces Nueces County, Texas. Venue in this district and division is proper for this reason. *See* 42 U.S.C. § 2000e-5(f)(3).

## FACTS

5. The defendant is based in Dallas, Texas. It was established in 1975 in Mt Vernon, Texas, and represents that it delivers compassionate and comprehensive health care in the home. The defendant represents that it serves well over 37,000 patients across Texas, Oklahoma, Louisiana, Missouri and Texarkana, Arkansas. It further represents that its continuum of care includes personal care services, home management, skilled care and hospice. The defendant is paid by Medicare, Medicaid, and private insurance as reimbursement for services.

6. The defendant operates in Corpus Christi, Nueces County, Texas. Its local office is located at 4444 Corona, Suite 233, Corpus Christi, Texas 78411. From this office location, the defendant provides home health services in the following local counties: Aransas, Bee, Brooks, Duval, Jim Hogg, Jim Wells, Kennedy, Kleberg, Live Oak, McMullen, Nueces, Refugio, and San Patricio.

7. The plaintiff is an individual. She is of Hispanic race, national origin. She is 50 years-old. The plaintiff was employed by the defendant in Corpus Christi for about 25 years. By 2017, the plaintiff was earning an annual salary of about $85,000, with other employment benefits. Her job title was Administrator. The plaintiff was discharged from her employment on or about May 2, 2017. At the time of her discharge, the plaintiff was the only Hispanic administrator for the defendant.

8. During the plaintiff's quarter century of employment with the defendant, the

plaintiff received only positive performance evaluations. She had no disciplinary history until about February 2017. At that time, she was suddenly given a Performance Improvement Plan (PIP). The PIP was issued to the plaintiff, without any prior warning, for allegedly allowing an employee of the defendant to be employed by the defendant, while she was also working for another home health provider. The PIP also noted that if improvement was not made by the plaintiff, the action to be take was "Additional Counseling," instead of "Suspension" or "Termination." The PIP also expressly noted that the dates of prior performance conferences was "none."

9. The plaintiff expressly complained to the defendant's HR director by e-mail about her being issued a PIP because it was sudden, without warning and otherwise made no sense to her. However, she received no response and, based on information and belief, no investigation was conducted by the defendant in response to the plaintiff's complaint.

10. The plaintiff continued working throughout February 2017, March 2017, and April 2017, without being aware that there were any problems with her job performance in any respect. Further, the defendant provided no notice to the plaintiff during this period that there were any problems with her job performance.

11. However, the defendant nevertheless discharged the plaintiff on or about May 2, 2017, in a document that is dated April 24, 2017. The alleged basis for the discharge is that the plaintiff failed to timely perform performance evaluations, client handbooks, and

and did not pay overtime wages "as regulated." Another alleged basis for the discharge is that the plaintiff was responsible for $100,000 in "write-offs" due to "timely filings, exceeding units, clients ineligible due to loss of eligibility, and other various reasons which could have been prevented by reviewing reports on a weekly basis assuring claim specialist met deadlines."

12. The alleged basis not only for the PIP dated February 1, 2017, but also the alleged basis for the discharge dated April 24, 2017, are false, pre-textual bases. Further, other Administrators employed in different regions for the defendant, who are not Hispanic, had larger write-offs during the same period, but, based on information and belief, were not disciplined at all, let alone discharged.

13. The defendant maintains a written progressive discipline policy. That policy was not followed by the defendant in the discipline or discharge of the plaintiff, a 25-year employee of the defendant.

14. Based on information and belief, the defendant replaced the plaintiff with a non-Hispanic employee who is in her early 30s, and possesses only 1 1/2 years' experience as an employee of the defendant.

15. The plaintiff alleges that the defendant's decision to discharge her from her employment was motivated by, at least in part, her national origin/race (Hispanic) and age (49).

16.     The administrative process was exhausted by the plaintiff.

## CAUSES OF ACTION

### Count 1—Race/National Origin Discrimination (State and Federal Law)

17.     The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-16, *supra*.

18.     The elements of the action are the same for state and federal law, respectively.

19.     The plaintiff is in a protected class of persons because she is Hispanic in both race and national origin.  The defendant discriminated against the plaintiff because of her race/national origin in discharging her from her employment.  The plaintiff alleges that her race/ethnicity/national origin was a motivating factor in the defendant's decision to not hire her.

20.     The plaintiff alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

21.     The defendant's conduct caused damages to the plaintiff.  She therefore seeks to be hired and/or reinstated, to recover her economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law.  Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law.  The plaintiff also seek her attorney's fees, as provided by law.

**Count 2—Age Discrimination (State and Federal Law)**

22.     The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-21, *supra*.

**Federal Law**

23.     It is unlawful, under federal law, for an employer to discharge an employee because of their age, if over 40 years of age. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 309, 116 S. Ct. 1307, 1308, 134 L. Ed. 2d 433 (U.S. 1996) (citing Age Discrimination in Employment Act of 1967 (ADEA), 81 Stat. 602, as amended, 29 U.S.C. § 621 *et seq*.)).  Under federal law, the elements of the claim are (1) she was in the age group protected by the ADEA; (2) she was discharged or demoted; (3) at the time of his discharge or demotion, she was performing his job at a level that met his employer's legitimate expectations; and (4) following her discharge or demotion, she was replaced by someone of comparable qualifications outside the protected class. *O'Connor*, 517 U.S. 308 at 310, 116 S. Ct. at 1308.   Jurisdiction for such a claim is statutorily proper in federal district court. 29 U.S.C. § 626(c).

24.     Here, the plaintiff is in a protected class of persons because she is over the age of 40, the defendant discriminated against the plaintiff because of her age (49) in discharging her from her employment, the plaintiff was performing her job duties and responsibilities at a high level of competence, the plaintiff alleges that her age (49) was a

motivating factor in the defendant's decision to discharge her, and that she was replaced by someone much younger than her and outside the protected class of persons with respect to age.

25. The plaintiff also alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

26. The defendant's conduct caused damages to the plaintiff. She therefore seeks to recover her economic and non-economic damages from the defendant by this suit. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law, and as provided by law, all of her costs and attorney's fees incurred in this matter.

## State Law

27. Discharging employees because of their age, if over 40 years of age, is also unlawful under Texas law.

28. Under Texas law, identical to federal law, an employer may not discriminate against or discharge an employee based on "race, color, disability, religion, sex, national origin, or age." *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (citing TEX. LAB. CODE § 21.051). To establish a violation of the Texas Labor Code, substantively identical to federal law, a plaintiff must show that she was (1) a member of the class protected by the Act, (2) qualified for her employment position, (3) terminated by the

8

employer, and (4) treated less favorably than similarly situated members of the opposing class. *AutoZone, Inc.*, 272 S.W.3d at 592. This Court has jurisdiction of this claim under pendant jurisdiction. Federal district courts have "pendant jurisdiction" over a state law claim if the court already has jurisdiction over a "substantial" federal claim, if the state and federal claims are derived from a "common nucleus of operative fact," and if the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 141–42 (5th Cir. 1987). Here, the plaintiff's alleged state law claim derives from the same common nucleus of operative facts as her federal law claim. Therefore, this Court has pendant jurisdiction of the plaintiff's statutory, state law claim with respect to age discrimination. *See id.*

29. Here, the plaintiff is in a protected class of persons because she is over the age of 40 (49), the defendant discriminated against the plaintiff because, at least in part, of her age (49) in discharging her from her employment, the plaintiff was performing her job duties and responsibilities at a high level of competence, the plaintiff alleges that her age (49) was a motivating factor in the defendant's decision to discharge her, and she was replaced by someone much younger than her and outside her protected class of persons with respect to age.

30. The plaintiff also alleges that the discrimination was knowingly done and/or

intentionally done and/or recklessly by the defendant.

31. The defendant's conduct caused damages to the plaintiff. She therefore seeks to recover her economic and non-economic damages from the defendant by this suit. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law, and as provided by law, all of her costs and attorney's fees incurred in this matter.

### PRAYER

32. For these reasons, Plaintiff Patricia Nunez respectfully requests that Defendant Jordan Healthcare Holdings, Inc. d/b/a Jordan Health Services, Inc., be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for Plaintiff's reinstatement, damages, economic damages, non-economic damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

    Respectfully submitted,

    BROOKS LLP

    s/Jon D. Brooks
    Jon D. Brooks
    Attorney-in-Charge
    Federal ID 24936
    State Bar No. 24004563

           400 Mann Street, Suite 1001
           Corpus Christi, Texas 78401
           361.885.7710
           361.885.7716 (facsimile)
           jbrooks@brooksllp.com  (e-mail)
           **Attorneys for Plaintiff Patricia Nunez**